NICHOLAS BERGAMATTO,

                **Plaintiff,**

v.

**BOARD OF TRUSTEES OF THE
NYSA-ILA PENSION TRUST FUND
and CHARLES WARD, Plan
Administrator,**

                **Defendants.**

Civ. No. 16-5484 (KM)

**OPINION**

**KEVIN MCNULTY, U.S.D.J.:**

      The plaintiff, Nicholas Bergamatto ("Bergamatto"), brings this action against the Board of Trustees of the New York Shipping Association International Longshoremen's Association Pension Trust Fund ("the Board"), and Charles Ward ("Ward") in his alleged capacity as plan administrator of the Pension Trust Fund. Bergamatto seeks to recover pension benefits under an employee pension benefit plan.[1] The plan is covered by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*[2] Currently before the Court is the motion of the defendants to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons set forth below, the motion is denied.

---

[1]     Bergamatto also seeks a declaration that the Board's request for refund of temporary disability benefits is null and void; attorney's fees and costs of court; and statutory penalties in the amount of $11,500. (Cplt. at 5 and 6).

[2]     The parties do not dispute that the pension benefit plan at issue is governed by ERISA.

## I.  Background[3]

In 2000, Bergamatto began employment as a dockworker for the New York Shipping Association ("NYSA"). (Cplt., Dkt. No. 1, ¶5) As a result of his employment, he became a member of the International Longshoremen's Association ("ILA"). (*Id.*)

From 2000 to 2003, Bergamatto did not participate in his employer's pension plan, the NYSA-ILA Pension Trust Fund, but instead participated in an annuity program. (*Id.*) In 2004, however, Bergamatto became a participant in the NYSA-ILA Pension Trust Fund. (*Id.* ¶6)

According to Bergamatto, on April 23, 2010, the Waterfront Commission suspended his waterfront pass, thereby leaving him unable to work. (*Id.* ¶7) About six months later, on October 27, 2010, Bergamatto injured his rotator cuff, an injury which, he says, rendered him temporarily disabled. (*Id.*) At the time, Bergamatto had a "full expectation to return to work . . . upon the lifting of his suspension and restoration of his waterfront pass." (*Id.* ¶8; *see* ¶17) However, the suspension of his waterfront pass was never lifted. (*Id.*) Effective April 21, 2013, Bergamatto retired at age 66. (*Id.*)

Before Bergamatto's retirement, NYSA and ILA had entered into a collective bargaining agreement which, in part, provided that pension participants hired after October 1996 would receive credit for pension benefit accruals based on years worked from 1996 to 2004. (*Id.* ¶9) On May 2, 2013, the Board amended the NYSA-ILA Pension Trust Fund's January 7, 2010 Agreement and Declaration of Trust and Plan to incorporate that new provision, effective October 1, 2012. (Dkt. No. 8-2, at 7 to 8)

Based on the new Plan provision, Bergamatto requested benefit accruals for the years 2000 through 2004. (Cplt. ¶9) His request was denied because he did not have any work hours in 2012, when the new Plan provision took effect. That was Bergamatto's last full year before his retirement. (*Id.*)

---

[3]      For purposes of this Rule 12(b)(6) motion to dismiss, the allegations of the Complaint are taken as true. *See* Section II.A, *infra.*

On July 10, 2014, Bergamatto, through counsel, appealed that decision to Charles Ward, the "designated Plan Administrator of the NYSA-ILA Pension Trust Fund", by sending a letter through certified mail. (*Id.* ¶2,10; Dkt. No. 11-2, Ex. B) In his letter, Bergamatto requested a copy of "the pertinent [NYSA-ILA Pension Trust Fund] provisions or operative summary plan description." (*Id.* ¶10) The letter was received on July 16, 2014. (*Id.*)

On November 12, 2014, Bergamatto, again through counsel, sent a second letter to Ward. (*Id.* ¶11; Dkt. No. 11-2, Ex. C) In that letter, Bergamatto stated that Ward did not respond to his first letter. (*Id.*) He also informed Ward that he "had already incurred $9500.00 in penalties pursuant to 29 U.S.C.A. sec. 1132(c)(1)." (*Id.*)

Two days later, on November 14, 2014, Ward sent Bergamatto's counsel a copy of a letter dated July 25, 2014, that Ward had sent to Bergamatto. (*Id.* ¶12; Dkt. No. 11-2, Ex. D) In that earlier letter, Ward had denied Bergamatto's benefit request "on the basis of Article V, Section 1 of the Plan." (*Id.*) He explained that because Bergamatto's last year of credited service was 2010, he was no longer a Plan participant when he applied for the 2000 to 2004 benefit accrual. (*Id.*)

On November 21, 2014, Bergamatto, through counsel, "rejected Ward's response as untimely", and reiterated his request for a copy of the summary plan description. (*Id.* ¶13; Dkt. No. 11-2, Ex. D) On December 2, 2014, Ward sent Bergamatto a copy of the 2010 summary plan description, as well as Bergamatto's work record. (*Id.* ¶14)

About one month later, on January 6, 2015, Bergamatto, through counsel, appealed Ward's denial of benefits to the Board. (*Id.* ¶15) The Board held a hearing on June 18, 2015. (*Id.*; *see* Dkt. No. 8-2, at 10 to 15)

At some point before the appeal hearing, the Board Secretary sent Bergamatto a letter regarding the $7,693.71 that Bergamatto received in temporary disability benefits from the NYSA-ILA Accident and Health Plan because of his rotator cuff injury. (*Id.* ¶16; Ex. A to 11-1) The letter stated that

3

the benefits were paid in error because Bergamatto's waterfront pass was revoked at the time. (*Id.*) The letter requested that Bergamotto refund those benefits. (*Id.*)

Bergamatto asserts that his pass was "never revoked but only suspended." (*Id.*) "Under the rules of the Waterfront Commission", Bergamatto says, "the pass can only be revoked after a hearing." (*Id.*)

On July 29, 2015, the Board affirmed Ward's decision. (*Id.* ¶18; *see* Dkt. No. 8-2 at 18 to 19) The Board's affirmance did not address the demand for a refund of erroneously paid temporary disability benefits. (*Id.* ¶18; *see* Dkt. No. 8-2 at 18 to 19)

On September 9, 2016, Bergamatto filed this action pursuant to ERISA section 502, 29 U.S.C. §1132(e)(1). (*Id.* ¶4) The Complaint alleges 1) wrongful denial of accrued benefits, and 2) statutory penalties for disclosure violations. (*Id.* ¶¶ 20–23)

Defendants, the Board and Ward, filed this joint motion to dismiss the Complaint on December 2, 2016. (ECF no. 8) In connection with the motion, the Board and Ward also submitted an affidavit from counsel and six exhibits. (ECF no. 8-2; ECF no. 8-2 Ex. 1 to 6).

On January 23, 2017, counsel for Bergamatto filed a brief "in opposition to motion for summary judgment."[4] (ECF no. 11-3) He also filed an affidavit from his client, Bergamatto, and a certification from himself in support of the motion. (ECF nos. 11-1 and 11-2)[5] Bergamatto's affidavit attached one exhibit, and his counsel's certification attached six. (ECF no. 11-1, Ex. A; ECF no. 11-2, Ex. A to F).

---

[4]    In the brief, Bergamatto recognized that the Board and Ward moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). He asserted, however, that "[i]n view of the submission of the Bergamatto Affidavit and Halpern Certification. . . [the] motion is converted to a motion for summary judgment pursuant to [Federal Rule of Civil Procedure] 12(d)." (Dkt. No. 11-3 at 4).

[5]    Both the Affidavit and the Certification are identified as supporting Bergamatto's "opposition to motion to dismiss", while the brief is identified as being submitted in "opposition to motion for summary judgment."

On February 3, 2017, the Board and Ward submitted a reply memorandum of law in support of their motion to dismiss. (ECF no. 14)

## II.    Legal Standards

### A. Rule 12(b)(6) Motion

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss, a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) ("reasonable inferences" principle not undermined by later Supreme Court *Twombly* case, *infra*).

Fed. R. Civ. P. 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678 (2009).

The Court in considering a Rule 12(b)(6) motion is confined to the allegations of the complaint, with certain exceptions:

"Although phrased in relatively strict terms, we have declined to interpret this rule narrowly. In deciding motions under Rule 12(b)(6), courts may consider 'document[s] integral to or explicitly relied upon in the complaint,' *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis in original), or any 'undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document,' *PBGC v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)."

*In re Asbestos Products Liability Litigation (No. VI)*, 822 F.3d 125, 134 n.7 (3d Cir. 2016). *See also Schmidt v. Skolas,* 770 F.3d 241, 249 (3d Cir. 2014) ("However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.' ") (quoting *In re Burlington Coat Factory*, 114 F.3d at 1426); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993).

### B. Extrinsic Documents

As stated previously, Defendants the Board and Ward have submitted six exhibits in connection with their Rule 12(b)(6) motion. They are:

- Ex. 1- October 28, 2011 statement from the New Jersey Department of Law & Public Safety, Office of the Attorney General. (Dkt. No. 8-2, at 3)

- Ex. 2- Secretary's Certification of the May 2, 2013 amendment to the January 7, 2010 NYSA-ILA Pension Trust Fund Agreement and Declaration of Trust and Plan. (Dkt. No. 8-2, at 6)

- Ex. 3- Minutes of the June 18, 2015 meeting of the Board of Trustees of the NYSA-ILA Pension Trust Fund. (Dkt. No. 8-2, at 9)

- Ex. 4- Letter from the Executive Secretary of the NYSA-ILA Pension Trust Fund, dated July 29, 2015, to Plaintiff's counsel. (Dkt. No. 8-2, at 17)

- Ex. 5- NYSA-ILA Pension Trust Fund's January 7, 2010 Agreement and Declaration of Trust and Plan. (Dkt. No. 8-2, at 20)

- Ex. 6- NYSA-ILA Pension Trust Fund's February 2010 Summary Plan Description. (Dkt. No. 8-2, at 125)

Plaintiff Bergamatto has also included 1) an affidavit from himself, and 2) a certification from his counsel. (ECF nos. 11-1 and 11-2) Bergamatto's affidavit attaches a June 3, 2015 letter from the Board's Executive Secretary. (ECF no. 11-1, Ex. A) His counsel's certification attaches six Exhibits. (ECF no. 11-2) They are:

- Ex. A- March 22, 2013 ILA Memorandum Re: Proposed NYSA-ILA Collective Bargaining Agreement. (Dkt. No. 11-2, at 5 to 7)

- Ex. B- Letter, dated July 10, 2014, from Bergamatto's counsel to Ward. (Dkt. No. 11-2, at 9)

- Ex. C- Letter, dated November 12, 2014, from Bergamatto's counsel to Ward. (Dkt. No. 11-2, at 11)

- Ex. D- Letter, dated November 14, 2014, from Ward to Bergamatto's counsel forwarding letter, dated July 25, 2014. (Dkt. No. 11-2, at 13 to 15)

- Ex. E- Letter, dated November 21, 2014, from Bergamatto's counsel to Ward. (Dkt. No. 11-2, at 17)

- Ex. F- April 22, 2014 NYSA-ILA Pension Trust Fund Notice of Endangered Status For NYSA-ILA Pension Trust Fund

When the parties submit matters outside of the pleadings, a district court has the option to consider them, but if it does so, it must convert the motion to dismiss into a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. In announcing its intention to do so, the court will then provide all parties with a reasonable opportunity to present all material pertinent to a Rule 56 motion. *See* FED. R. CIV. P. 12(d). That procedure allows every party a fair opportunity to respond to any extrinsic documents that the court considers. *Pension Benefit*, 998 F.2d at 1196.

A court may, however, without converting the motion to one for summary judgment, consider documents to which a plaintiff refers in the complaint or upon which its claims are based. *In re Burlington Coat Factory*, 114 F.3d at 1426; *Pension Benefit*, 998 F.2d at 1196. In such a case, a party "obviously is

on notice of the contents of the document, and the need for a chance to refute evidence in greatly diminished." *Pension Benefit*, 998 F.2d at 1196–97.

Here, both sides submitted additional documents, and their authenticity does not seem to be disputed. Nevertheless, I will not consider all of the documentary exhibits at this pleading stage, and I will not convert the motion to one for summary judgment.

Regarding the Defendants' submissions, Exhibits 2 through 6 are integral to the Complaint and may be considered on a Rule 12(b)(6) motion. Exhibit 2 is the very foundation of this Complaint; it consists of the adoption and text of a Plan amendment which credited pension service from 2000 to 2004. (Dkt. No. 8-2, at 6) Bergamatto relies on that specific amendment to claim that he was wrongfully denied pension credit owed to him. Exhibits 3 and 4 are integral to the Complaint, which specifically alleges the appeal and denial embodied in those two exhibits. (Cplt. ¶¶ 15 and 18; Dkt. No. 8-2, at 9, 17) Exhibit 5 is likewise integral to the Complaint. It is a copy of the January 7, 2010 Agreement and Declaration Trust and Plan which Bergamatto alleges the Board and Ward relied on to rejecting his request. (*Id.* ¶12; Dkt. No. 8-2, at 20) Exhibit 6, too, is integral. It is a copy of the 2010 summary plan description which, according to the Complaint, Bergamatto repeatedly requested and did not timely receive. (*Id.* ¶¶10, 13, 14, and 23; Dkt. No. 8-2, at 125)[6]

I turn to Plaintiff Bergamatto's attachments, Exhibit A, the letter attached to Bergamatto's affidavit, is integral to the Complaint. (Dkt. No. 11-1, at 5) The Complaint specifically alleges the contents of this letter, which relates to Bergamatto's claim regarding the Board's fiduciary obligations. (Cplt. ¶¶16 and 22) Exhibits B, C, D, and E, attached to defense counsel's certification, are integral because they are part of Bergamatto's administrative appeal process

---

6      Exhibit 1 is not integral to Bergamatto's Complaint and I therefore do not consider it.

and are specifically cited in Bergamatto's Complaint. (*Id.* ¶¶ 10, 11, 12, 13; Dkt. No. 11-2, at 8, 11, 13, and 17).[7]

I will therefore consider those documents without converting the motion to dismiss into one for summary judgment. A motion for summary judgment would be premature, and in any event, the documents are of limited significance, in that they merely confirm what is inferable from the Complaint.

## III. Analysis

### A. Count 1- Entitlement to Benefits Under ERISA

An ERISA plan participant has the right to bring a civil action "to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] future benefits under the terms of the plan." ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Prior to filing a claim in federal court under ERISA, a party typically must exhaust all of the administrative remedies available under the plan. *Harrow v. Prudential Ins. Co. of Am.,* 279 F.3d 244, 249 (3d Cir. 2002) (citations omitted). Here, it is undisputed that Bergamatto exhausted the available administrative remedies.

To state a claim for improper denial of benefits under ERISA, Bergamatto must allege that he is a plan participant or beneficiary; that he was due some benefit under the terms of the plan; and that the benefit was wrongfully denied by the defendant plan administrator.

Relying on the Supreme Court's decision in *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101 (1989), the Board and Ward assert that this claim must be dismissed because Bergamatto fails to allege facts showing that the Board's determination was arbitrary and capricious. (ECF no. 8-1 at 5 to 8) In response, Bergamatto argues that the Board's decision was arbitrary and capricious because it relied on a plan provision that is inapplicable to benefit

---

[7]     Exhibits A and F, however, are not integral to Bergamatto's Complaint and I will not consider them.

accruals. (ECF no. 11-3 at 5–10).[8] Neither side's application of *Firestone* is complete and correct.

In *Firestone*, the Supreme Court held that a denial of benefits under ERISA "is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." 489 U.S. at 115. When the benefit plan does give the administrator or fiduciary discretionary authority to determine eligibility for benefits, the administrator's decision must be reviewed under an arbitrary-and-capricious standard. *Viera v. Life Ins. Co. of N. Am.*, 642 F.3d 407, 414 (3d Cir. 2011) (footnote omitted) (citing *Metro. Life Ins. Co. v. Glenn,* 554 U.S. 105, 111 (2008); *Doroshow v. Hartford Life & Accident Ins. Co.,* 574 F.3d 230, 233 (3d Cir. 2009)).[9]

Before this Court is a motion to dismiss Bergamatto's claims on the pleadings. Accordingly, I will focus on whether Bergamatto has alleged all of the necessary elements to state a claim for relief; I will not substantively evaluate the reasonableness of the administrator's decision. *See also Funicelli v. Sun Life Fin. (US) Servs. Co.*, No. CIV.A. 12-06659 FLW, 2014 WL 197911, at *3, *3 n.2 (D.N.J. Jan. 14, 2014) (stating that the reasonableness of the administrator's decision is not a relevant consideration at the motion to dismiss stage and limiting the court's analysis "to the sufficiency of the pleadings under the standards enunciated in *Twombly* and *Iqbal*").

At this, the complaint stage, Bergamatto's claim is adequately alleged. The Complaint alleges that Bergamatto was a plan participant who was due

---

[8]     Bergamatto's response also cites a summary judgment standard, which is something else again.

[9]     The Third Circuit most recently applied this deferential standard of review in *Dowling v. Pension Plan for Salaried Employees of Union Pac. Corp. & Affiliates*, No. 16-1977, 2017 WL 4079460, at *4 (3d Cir. Sept. 15, 2017). In *Dowling*, the majority affirmed a District Court's decision granting summary judgment to the defendants, holding that the plan administrator's interpretation of the ambiguous language in the pension plan was reasonable. *Id.* at *5-8, 10.

10

pension benefits under an amendment, and those benefits were ultimately denied at the conclusion of the administrative appeals process. Bergamatto's claim cannot permissibly be explored further without discovery and factual development. Accordingly, the motion to dismiss Count 1 for failure to state a claim is denied, without prejudice to renewal of these contentions on summary judgment.

It appears that fact discovery is now closed. (ECF no. 17) It so, either party may seek leave from the Magistrate Judge to file a summary judgment motion. Any such motion, however, must (unlike this one) be filed in accordance with the procedures of Fed. R. Civ. P. 56 and Local Rule 56.1, and should address the merits of Bergamatto's claim for benefits.

### B. Count 2- Failure to provide documents under ERISA

In Count 2 of the Complaint, Bergamatto alleges that Ward, the plan administrator, failed to timely respond to his request for the summary plan description. (Cplt. ¶¶ 10, 13, and 23) In particular, he alleges that he submitted an informational request on July 10, 2014, and Ward did not comply until December 2, 2014. (*Id.*) Bergamatto contends that this failure to timely respond is a violation of 29 U.S.C. § 1132(c)(1) and that Ward is liable for a statutory penalty of $100 per day. (*Id.* ¶ 23)

Under ERISA § 502(c)(1)(B), a court can impose a penalty of up to $100 per day against "[a]ny administrator who . . . fails or refuses to comply with a request for any information which such administrator is required by [ERISA] to furnish to a participant or beneficiary. . . by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request. . ." 29 U.S.C. § 1132(c)(1)(B). A plan "administrator" is: "(i) the person specifically so designated by the terms of the instrument under which the plan is operated; (ii) if an administrator is not so designated, the plan sponsor; or (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe." 29 U.S.C. § 1002 (16)(A).

11

The Board and Ward argue that Count Two must be dismissed as against Ward for two reasons: 1) because Ward is not the plan administrator, but rather the Executive Director of the NYSA-ILA Pension Trust Fund; and 2) because Bergamatto did not allege facts sufficient to establish that the Court should exercise its discretion to impose ERISA's statutory penalties. (ECF no. 8-1 at 8 to 10). In support of their position, the Board and Ward rely on the February 2010 Summary Plan Description of the pension plan of the NYSA-ILA Pension Trust Fund and Plan, which identifies the Board as the plan administrator. (ECF no. 8-1 p.9 n.5; Ex. 6 at 1 and 44 to 45)

In opposition, Bergamatto concedes that Ward is not named as plan administrator. He argues that Ward can be considered the *de facto* plan administrator because "he appeared to function as a Plan Administrator and, more importantly did not disavow the title or advise Halpern to redirect his letter to the Board of Trustees." (ECF no. 11-3 at 11).

The disputes on this point revolve around the issue of Ward's alleged status as a *de facto* plan administrator. That determination would present issues of fact outside the scope of the Complaint. I will therefore deny the motion to dismiss to Count 2, without prejudice to renewal of these contentions on summary judgment.

### IV.    Conclusion

For the reasons set forth above, the motion (ECF no. 8) of the Board and Ward to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is **DENIED**. An appropriate order will issue.

KEVIN MCNULTY, U.S.D.J.

Date:  September 18, 2017

12